Dawn M. SCHMITT, Plaintiff,

v.

**BEVERLY HEALTH AND REHA-
BILITATION SERVICES,
INC., Defendant.**

Civil Action No. 96–2537–EEO.

United States District Court,
D. Kansas.

Jan. 22, 1998.

Memorandum Denying Motion to Alter
or Amend March 31, 1998.

David O. Alegria, McCullough, Wareheim & LaBunker P.A., Topeka, KS, for Plaintiff.

Renana B. Abrams, Jennifer P Kyner, Stacey A. Campbell, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, Paul Venker, St. Louis, MO, for Defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's motion for summary judgment (Doc. # 91). After careful consideration of the parties' briefs and evidentiary materials, the court is prepared to rule. For the reasons stated below, defendant's motion will be granted.

### Factual Background

For purposes of defendant's motion, the following is a brief summary of the material facts that are uncontroverted, deemed admitted, or where controverted viewed in the light most favorable to the non-movant, pursuant to Federal Rule of Civil Procedure 56 and District of Kansas Rule 56.1.

On June 8, 1994, plaintiff started working for Colonial Manor Nursing Care Center ("Colonial Manor") in Lansing, Kansas, as a Certified Nursing Assistant. Beverly Enterprises—Kansas, Inc. ("Beverly Enterprises") owns Colonial Manor. Plaintiff was an employee of Beverly Enterprises. Defendant Beverly Health and Rehabilitation Services, Inc. ("Beverly Health") is a separate corporate entity from the incorporated entity known as "Beverly Enterprises—Kansas, Inc." Plaintiff's written job description, which was signed by plaintiff, lists "Beverly Enterprises" at the top of the document. The Associate Relations Policies & Procedures Manual also identifies "Beverly Enterprises" at the top of the document. Jackie Heikes Rose, who was employed by Beverly Enterprises, was Director of Nursing at Colonial Manor and was plaintiff's supervisor. Garold Fowler, who also was employed by Beverly Enterprises, was the Administrator at Colonial Manor.

Donald Clark is employed by Beverly Health. Mr. Clark is the Human Resources manager for Beverly Enterprises in the region including the Colonial Manor facility. Mr. Clark was a consultant on personnel

issues. Mr. Clark advised Mr. Fowler and the staff supervisors, including Ms. Rose, of the consequences of various alternatives, but Mr. Fowler and the staff supervisors actually made the personnel decisions and retained the ultimate authority on personnel issues at Colonial Manor.

On January 27, 1995, plaintiff was told that she was no longer employed at Colonial Manor because of two no-call, no-shows on January 21 and 22, 1995. Plaintiff claims that Ms. Rose and Mr. Fowler terminated her. Mr. Fowler signed and approved plaintiff's termination of employment form. After plaintiff was terminated, Ms. Rose and Mr. Fowler notified Mr. Clark that plaintiff's employment had ended because she did not work on January 21 or 22, 1995.

On April 11, 1995, plaintiff filed a charge of discrimination with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission against "Colonial Manor Beverly Enterprises" alleging that she was on a list to be fired, written up, and terminated because of her sex and pregnancy.

Plaintiff filed the instant action against "Beverly Health And Rehabilitation Services, Inc., a/k/a Beverly California Corporation, a/k/a Beverly Enterprises, d/b/a Colonial Manor Nursing Care Center, and any and all predecessors, successors and assigns." The record reflects no return of service, appearance, or further action against any defendant except "Beverly Health and Rehabilitation Services, Inc."

### Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52. An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir. 1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 256. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D. Kan. Rule 56.1.

*Analysis*

## I. Plaintiff's Pregnancy Discrimination Claim.

■ In count II of her complaint, plaintiff claims that defendant discriminated against her based on her pregnancy in violation of Title VII. Defendant claims that plaintiff cannot establish that Beverly Health was plaintiff's employer. Although Beverly Health apparently is the parent corporation of Beverly Enterprises, Beverly Health is a separate corporate entity from Beverly Enterprises. "The doctrine of limited liability creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir.1993) (citing *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 980–81 (4th Cir.1987)).

■ Federal courts have employed several tests to determine whether Title VII liability can be imposed on a parent corporation for the actions of its subsidiaries. These tests include: (1) whether the two companies are integrated, (2) whether the parent exercises a significant degree of control over the subsidiary's decisions, (3) whether the parent is the alter ego of the subsidiary, and (4) whether the parent exercises extensive control over the acts of the subsidiary with respect to the particular claim of wrongdoing. *See Frank*, 3 F.3d at 1362. Although the Tenth Circuit has declined to adopt a single test, the critical inquiry under each test is whether the parent exercised control over significant aspects of the plaintiff's terms and conditions of employment or the parent dominated the subsidiary's operations to such a degree that the two companies are in reality a single entity. *See Johnson*, 814 F.2d at 981; *Magnuson v. Peak Tech. Servs., Inc.*, 808 F.Supp. 500, 507–08 (E.D.Va.1992); *see also Frank*, 3 F.3d at 1363 (critical question under the integrated enterprise test is

"[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?") (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983)). The presumption of limited liability, however, remains the rule. *See Johnson*, 814 F.2d at 981. "Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary—domination similar to that which justifies piercing the corporate veil—is sufficient to rebut this presumption, [], and to permit an inference that the parent corporation was a final decision-maker in its subsidiary's employment decisions." *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir.1997).

■ Plaintiff has not made any attempt, either in opposition to defendant's motion for summary judgment or in her complaint, to allege facts sufficient to support any one of the above legal theories for imposing liability on the parent corporation, Beverly Health. Indeed, plaintiff has not even come forward with any evidence suggesting that Beverly Health is the parent corporation of Beverly Enterprises. The only evidence which suggests an interrelationship between Beverly Health and Beverly Enterprises is that Donald Clark, an employee of Beverly Health, was the Human Resources manager of Beverly Enterprises. Mr. Fowler and one of the various staff supervisors (here, Ms. Rose), however, retained the ultimate authority with respect to personnel decisions at Beverly Enterprises. Mr. Clark merely was a consultant on personnel issues who advised Mr. Fowler and the staff supervisors of the consequences of various alternatives. There is no evidence that Mr. Clark or Beverly Health controlled Beverly Enterprises' personnel policies and decisions either generally or specifically with respect to plaintiff. Indeed, Mr. Clark was not even notified of plaintiff's termination until after the fact. Finally, nearly every personnel document submitted by the parties identifies "Beverly Enterprises" at the top of the document.[1]

1. Plaintiff refers to numerous other documents which were not attached as exhibits to her summary judgment opposition. Accordingly, the court cannot evaluate these documents. Based on plaintiff's representation as to the contents of the documents, however, the court likely would grant summary judgment in favor of defendant

even if the documents were before the court. Plaintiff alleges that the Associate Relations Manual was copyrighted by "defendant and has defendant's name and address at the bottom of the second page." Defendant represents to the court that Beverly Health's name does not appear on

On the other hand, Beverly Health's name does not appear on any of these personnel documents. Beverly Health's name appears only on the top of a letter written by Mr. Clark *on behalf of Colonial Manor* to the KHRC during its investigation of plaintiff's charge.

Under all of the above legal tests, plaintiff has not come forward with sufficient evidence to establish that Beverly Health and Beverly Enterprises are a "single employer" under Title VII or that Beverly Health itself was plaintiff's employer. *See, e.g., Swallows v. Barnes & Noble Book Stores, Inc.,* 128 F.3d 990, 995 (6th Cir.1997) ("At most, the evidence shows that TTU had a voice in certain employment decisions at Barnes & Noble, not that it controlled those decisions in the manner seen in single employer situations."); *Frank,* 3 F.3d at 1363 (critical issue is who made the final decision to terminate plaintiff, broad personnel policies are insufficient to establish control); *Walker v. Tool-pushers Supply Co.,* 955 F.Supp. 1377, 1382 (D.Wyo.1997) (parent is not liable for subsidiary's actions because parent benefits from the work of the subsidiary and one of the parent's employees acts as an occasional consultant for the subsidiary's personnel matters); *see also E.E.O.C. v. State of Ill.,* 69 F.3d 167, 169 (7th Cir.1995) ("A consultant who advised an employer on how to get rid of its older employees without creating evidence of a violation of the age discrimination law would [ ] not [be] an indirect employer, for he would not control the employment relationship"). There simply is no evidence that Beverly Health controlled the hiring, firing, promoting, paying, transferring, or supervising of Beverly Enterprises' employees generally or with respect to plaintiff specifically. *See Lusk,* 129 F.3d at 781 n. 8 (citing *Johnson,* 814 F.2d at 982).

Plaintiff argues that defendant should be estopped from denying that it is plaintiff's employer because defendant acquiesced in this litigation and deviously concealed the name of plaintiff's true employer. Plaintiff has not come forward with sufficient evidence to establish the elements of equitable estoppel in these circumstances. On May 12, 1997, defendant raised several general affirmative defenses in its answer to plaintiff's amended complaint which could be construed as raising the employer identity issue. Plaintiff certainly has not established that defendant failed to comply with the notice pleading requirements of the federal rules. More importantly, on August 27, 1997, over 5 months before trial, defendant specifically answered plaintiff's first interrogatories by stating that plaintiff was not employed by Beverly Health, rather plaintiff was employed by "Beverly Enterprises—Kansas, Inc." Defendant again raised the employer identity issue in the instant summary judgment motion filed on October 6, 1997. Finally, defendant raised the issue in the pretrial order filed on December 23, 1997, which supersedes the pleadings in this case. While the court recognizes that naming and serving the proper corporate defendant often is a difficult task, we will not cavalierly disregard the separate corporate existence of Beverly Health and Beverly Enterprises. Plaintiff has been on notice of the separate corporate existence of Beverly Health and Beverly Enterprises since at least August 1997.

Plaintiff also argues that the court should not consider the information of the corporate relationship between Beverly Health and Beverly Enterprises, contained in the affidavits of Ms. Odom and Ms. Murray, because defendant did not previously identify these individuals in discovery or list them as trial witnesses. Plaintiff does not cite to any authority for the proposition that the court cannot consider the two affidavits. Rule 56(e) does not explicitly require that affiants be listed as trial witnesses and courts have refused to impose such a requirement. *See Ryder Auto. Carrier Group, Inc. v. General Teamsters Sales & Serv. and Indus. Union,* 124 F.3d 199 (6th Cir.1997) ("Rule 56 of the Federal Rules of Civil Procedure does not require that affiants be included in a witness list before their affidavits may be used to support a motion for summary judgment"); *United States v. Colorado & Eastern R.R.,* 832 F.Supp. 304, 308 (D.Colo.1993) ("There is no requirement that affiants be listed as witnesses for trial."); *Taylor v. St. Louis*

---

the document. Except for this single vague allegation, plaintiff apparently does not claim that Beverly Health's name appears on any personnel document.

*Southwestern Railway Co.,* 746 F.Supp. 50, 53 (D.Kan.1990) (denying plaintiff's request to strike affidavits submitted in support of summary judgment motion on the basis that affiants were not listed on defendant's witness list). In addition, Mr. Clark testified at his deposition that the officers of the company know the relationship between Beverly Health and Beverly Enterprises. Mr. Clark identified two such individuals but plaintiff's counsel apparently did not inquire any further for the names of other officers. Finally, the court finds that the information contained in the affidavits of Ms. Odom and Ms. Murray can be gleaned from defendant's answers to plaintiff's first interrogatories, which indicate that Beverly Health never employed plaintiff and that Beverly Enterprises—Kansas, Inc. actually employed plaintiff.

For the above reasons, we find that defendant Beverly Health was not plaintiff's employer as a matter of law under Title VII. Accordingly, the court will grant summary judgment in favor of defendant on plaintiff's Title VII claim.[2]

## II. Plaintiff's State Law Claims.

■ Plaintiff also has brought a workers compensation retaliation claim (count I) and a whistle blowing retaliation claim (count III) under Kansas state law. Defendant again argues that it cannot be liable for the actions of its subsidiary's employees in this case. The inquiry under Kansas state law is whether the parent company is the alter ego of its subsidiary. *See Doughty v. CSX Transp., Inc.,* 258 Kan. 493, 497–500, 905 P.2d 106, 109–11 (1995). "The ultimate test for imposing alter ego status is whether, from all of the facts and circumstances, it is apparent that the relationship between the parent and the subsidiary is so intimate, the parent's control over the subsidiary is so dominating, and the business and assets of the two are so mingled that recognition of the subsidiary as a distinct entity would result in an injustice to third parties." *See Doughty,* 258 Kan. at 500, 905 P.2d at 111. Plaintiff has not come forward with any evidence to support a claim that Beverly Health is the alter ego of Bever-

ly Enterprises. For the same factual reasons as those discussed with respect to plaintiff's Title VII claim, the court concludes that defendant Beverly Health was not plaintiff's employer and did not engage in any actionable conduct as a matter of law with respect to plaintiff's state law claims.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. # 91) is granted.

### MEMORANDUM AND ORDER ON MOTION

This matter is before the court on plaintiff's motion to alter judgment or, in the alternative, for relief from judgment (Doc. # 150). Plaintiff also requests, in the alternative, leave to amend her complaint to add another defendant. After careful consideration of the parties' briefs and evidentiary materials, the court is prepared to rule. For the reasons stated below, plaintiff's motion including plaintiff's request to amend her complaint will be denied.

### Background

The factual background of this matter is set forth in the court's January 22, 1998 Memorandum and Order ("January 22 Order") and is incorporated by reference. The following is a brief summary: Plaintiff was employed by Beverly Enterprises—Kansas, Inc. ("Beverly Enterprises"), which owns the Colonial Manor Nursing Care Center. Defendant Beverly Health and Rehabilitation Services, Inc. ("Beverly Health") is a separate corporate entity from the incorporated entity known as "Beverly Enterprises—Kansas, Inc." Plaintiff filed the instant action against "Beverly Health And Rehabilitation Services, Inc., a/k/a Beverly California Corporation, a/k/a Beverly Enterprises, d/b/a Colonial Manor Nursing Care Center, and any and all predecessors, successors and assigns." The record reflects no return of service, appearance, or further action against any defendant except "Beverly Health and Rehabilitation Services, Inc."

---

**2.** Defendant also argues that summary judgment is appropriate because (1) plaintiff cannot establish a prima facie case of pregnancy discrimination and (2) the court does not have jurisdiction over defendant because defendant was not named in plaintiff's EEOC charge. The court need not address these alternative arguments given its ruling above.

On January 22, the court granted summary judgment in favor of defendant Beverly Health finding that plaintiff did not offer sufficient evidence that Beverly Health was plaintiff's employer or that Beverly Health was estopped from denying that it was plaintiff's employer. Plaintiff now seeks reconsideration of the court's January 22 Order pursuant to rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. In the alternative, plaintiff seeks leave to amend her complaint to add her actual employer—Beverly Enterprises—Kansas, Inc.

Plaintiff attempts to supplement the factual record, which was before the court on defendant's motion for summary judgment, by submitting an additional 46 exhibits, encompassing 3 volumes, in support of her motion to alter or amend. Plaintiff should have presented each of the 46 exhibits in support of her memorandum in opposition to defendant's motion for summary judgment if she wanted the court to consider the documents in deciding defendant's motion. Accordingly, these new exhibits will not be considered by the court in deciding plaintiff's motion unless expressly noted. *See Resolution Trust Corp. v. Greif*, 906 F.Supp. 1446, 1456 (D.Kan. 1995).

### Analysis

### I. Plaintiff's Motion To Alter Or Amend Judgment.

#### A. *Standards For Motions To Alter Or Amend.*

■ Courts generally apply the same legal standards for motions to alter or amend a judgment and motions for reconsideration. *See, e.g., Greif*, 906 F.Supp. at 1456; *Brinkman v. State of Kan., Dep't of Corrections*, 869 F.Supp. 902 (D.Kan.1994). Reconsideration is proper when the court has made a manifest error of fact or law, when new evidence has been discovered, or when there has been a change in the relevant law. *See Greif*, 906 F.Supp. at 1456 (citation omitted). A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance, or to rehash arguments previously considered and rejected by the court. *See id.* Further, "a motion to alter or amend cannot be used to raise new issues for the first time after entry

of summary judgment." *All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate–Palmolive Co.*, 847 F.Supp. 858, 860 (D.Kan. 1994) (citations omitted). The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988).

■ Under the "law of the case" doctrine, once an issue is decided by the court, it should not be reconsidered unless it is clearly erroneous or resulted in the imposition of some manifest injustice. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981). This doctrine is based on public policy favoring an end to litigation and encouraging finality in dispute resolution by preventing continued relitigation of issues once decided. *See id.* at 112; *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir.1985).

#### B. *Plaintiff's Evidence That Beverly Health Was Her Employer.*

Plaintiff apparently concedes that she cannot produce evidence sufficient to establish that Beverly Health was plaintiff's employer under any one of the legal theories for imposing liability on a parent corporation discussed in the court's January 22 Order. *See* January 22 Order at 5–9 (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir.1993)). None of the additional documents submitted by plaintiff address this issue.

#### C. *Plaintiff's Evidence Of Equitable Estoppel.*

■ . Plaintiff argues that she has produced sufficient evidence to create an issue of fact as to whether defendant Beverly Health should be estopped from denying that it was plaintiff's employer. Equitable estoppel is a judicially-devised doctrine which precludes a party to a lawsuit from asserting a claim or defense because of some improper conduct on that party's part. *See Federal Deposit Ins. Corp. v. Roldan Fonseca*, 795 F.2d 1102, 1107–08 (1st Cir.1986). The elements of estoppel are well established under Kansas law. To state a claim for estoppel, the party must show (1) a false representation or concealment of material facts when defendant had a

duty to reveal such facts; (2) that the representation was made with knowledge, actual or constructive, of the facts; (3) that the party to whom the representation was made was without knowledge or means of knowing the real facts; (4) that the representation was made with the intention that it would be acted upon; and (5) that the party to whom it was made relied on or acted upon the representation to his prejudice. *See Place v. Place,* 207 Kan. 734, 739, 486 P.2d 1354, 1358–59 (1971); *Turon State Bank v. Bozarth,* 235 Kan. 786, 789, 684 P.2d 419 (1984). "Estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction." *Tucker v. Hugoton Energy Corp.,* 253 Kan. 373, 383, 855 P.2d 929, 937 (1993) (citing *Gillespie v. Seymour,* 250 Kan. 123, 129–30, 823 P.2d 782 (1991), and *Ram Co., Inc. v. Estate of Kobbeman,* 236 Kan. 751, 766, 696 P.2d 936 (1985)).

In plaintiff's memorandum in opposition to defendant's motion for summary judgment, plaintiff bases her estoppel argument on three grounds: (1) defendant did not disclose specifically in its answer to plaintiff's amended complaint that Beverly Enterprises—Kansas, Inc., was plaintiff's employer, (2) the name "Beverly Enterprises—Kansas, Inc." was never revealed to plaintiff in the prior administrative proceedings with her employer or during the instant action until August 27, 1997, and (3) the name of plaintiff's employer was listed in several different ways on plaintiff's employment documents.[1]

■ Plaintiff's equitable estoppel argument is without merit. First, the pretrial order entered on December 23, 1997, not defendant's answer, controls whether defendant can raise the employer identity defense. *See* Rule 16.2(c) of the Rules of Practice of the United States District Court for the Dis-

trict of Kansas. The pretrial order included several specific statements that defendant contends it was not plaintiff's employer. Based on the record before the court, plaintiff apparently did not object to the inclusion of these statements either orally at the pretrial conference on November 3, 1997, or in writing by the December 1, 1997 deadline for filing such objections. Given the controlling effect of the pretrial order, any objection by plaintiff regarding the timeliness of defendant's employer identity defense should have been raised at the pretrial conference or in response to the proposed pretrial order submitted to the parties. In effect, plaintiff agreed to allow defendant to amend its answer to raise the employer identity issue by failing to object to defendant's statements which were incorporated into the pretrial order. For these reasons, plaintiff cannot now claim that defendant's answer did not adequately apprise plaintiff of the nature of defendant's affirmative defense.

■ Next, we find that plaintiff's estoppel argument essentially is an argument to the court that defendant has waived its employer identity defense for failing to specifically assert the defense prior to its answers to plaintiff's first interrogatories. Plaintiff does not cite any authority for the court to find such a waiver in such circumstances.[2] In addition, the Tenth Circuit has held that the purposes behind the notice pleading requirements are served if plaintiff is put "on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance." *Ball Corp. v. Xidex Corp.,* 967 F.2d 1440, 1443 (10th Cir.1992) (quoting *Marino v. Otis Eng'g Corp.,* 839 F.2d 1404, 1408 (10th Cir.1988)). Here, plaintiff was specifically put on notice of Beverly Health's defense five months before trial by Beverly

---

1. Plaintiff raises several additional arguments in her motion to alter or amend. A motion to alter or amend is not a second chance for plaintiff to present her strongest case. Principles of judicial economy dictate that the court should not consider plaintiff's new arguments at this time. From a brief review of these new arguments, however, we find that we likely would reach the same result if these arguments were properly before the court.

2. The authorities cited by plaintiff discuss either the general principles of equitable estoppel or

specifically where a newly added defendant asserts a statute of limitations defense. *See, e.g., Gillespie v. Seymour,* 250 Kan. 123, 129–30, 823 P.2d 782, 788–89 (1991); *Safeway Stores, Inc. v. Wilson,* 190 Kan. 7, 12–13, 372 P.2d 551, 555–56 (1962). In this case, plaintiff's estoppel argument would be relevant if the court granted plaintiff leave to amend to add Beverly Enterprises and Beverly Enterprises then asserted a statute of limitations defense. As noted below, however, the court declines to grant plaintiff leave to amend to add Beverly Enterprises as a party.

Health's discovery responses. Accordingly, the court finds that defendant did not waive its employer identity defense. *See Xidex,* 967 F.2d at 1443–44 (party did not waive affirmative defense where party first raised defense in a motion for summary judgment filed three months prior to trial); *Marino,* 839 F.2d at 1408 (purposes of rule 8(c) served where plaintiff had notice at least three months prior to trial of affirmative defense); *Bledsoe v. Bruce,* No. 90–3342—DES, 1995 WL 40627, at *1 (D.Kan.1995) (finding no waiver where affirmative defenses first identified in pretrial order); *see also Denty v. SmithKline Beecham Corp.,* 907 F.Supp. 879, 882 (E.D.Pa.1995) ("although the defense of failure to sue the proper party is indeed considered to be an affirmative defense which must be pled in the defendant's answer [ ], the defense is not waived unless prejudice to the plaintiff can be shown"), *aff'd,* 109 F.3d 147 (3d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 74, 139 L.Ed.2d 34 (1997). Thus, defendant's litigation conduct certainly is not sufficient to give rise to an estoppel claim.

■ Defendant's other conduct, viewed in conjunction with its litigation conduct, similarly does not give rise to an estoppel claim as a matter of law. Plaintiff has not established that defendant had a "duty to speak" beyond what defendant already revealed in the administrative proceedings and included in its answers to plaintiff's original and amended complaints. We previously held that plaintiff did not establish that defendant's answer to plaintiff's amended complaint failed to comply with the notice pleading requirements of rule 8(c) of the Federal Rules of Civil Procedure. *See* January 22 Order at 9. We likewise find now that plaintiff has not presented sufficient evidence to establish that defendant's answers either to plaintiff's original or amended complaints failed to comply with rule 8(c). Both of defendant's answers could be construed as raising the employer identity issue. In defendant's answer to plaintiff's original complaint, defendant denied the allegation that "defendant is doing business in Lansing, Kansas, as Colonial Manor Nursing Care Center." *See* Def's Answer (Doc. # 5) ¶ 6. Plaintiff also alleged in both her original and amended complaints that she "began working at Colonial Manor Nursing Care Center for defendant on or about June 9, 1994." Defendant answered that plaintiff "began working at Colonial Manor Nursing Care Center on or about June 9, 1994, but [defendant] otherwise denies the allegations and legal conclusions set forth in paragraph 9." *See* Def's Answer to Amended Compl. (Doc. # 24) ¶ 9; Def's Answer ¶ 7; *see also* Def's Answer to Amended Compl. ¶ 75 (asserting defense that plaintiff failed to state a claim or any facts which relief can be granted "against this defendant"); Def's Answer to Amended Compl. ¶ 78 (asserting affirmative defense that plaintiff failed to file suit "against her employer" within 90 days of the KHRC's determination). Although we recognize that defendant did not specifically state in its answers that plaintiff named the wrong party or that Beverly Enterprises—Kansas, Inc., was plaintiff's employer, we believe the defendant made sufficient general statements to raise the employer identity defense. Based on the ambiguous facts presented by plaintiff, which clearly are open to more than one construction, plaintiff's estoppel defense fails as a matter of law. *See Tucker v. Hugoton Energy Corp., supra.*

■ Plaintiff also has failed to establish that she relied on defendant's alleged silence prior to its answers to plaintiff's first interrogatories. Even if defendant asserted specifically in its answer or in some other document that plaintiff failed to name her true employer, Beverly Enterprises, no evidence suggests that plaintiff would have sought leave to amend her complaint to add Beverly Enterprises as a party. Indeed, after defendant specifically informed plaintiff the name of plaintiff's true employer in response to plaintiff's first interrogatories, plaintiff did not seek leave to amend her complaint until after judgment was entered against her approximately five months later. Plaintiff similarly cannot show that she suffered any prejudice from defendant's failure to specifically raise the employer identity defense until August 27, 1997, because plaintiff did not seek leave to amend after being apprised of the actual name of her employer.

■ Finally, plaintiff reasserts her argument that the name of her employer appeared in various forms on her employment

documents and was denoted in various forms in the documents involving the administrative processing of her claims. As noted above, plaintiff has attached numerous additional documents in support of her argument as exhibits to her motion to alter or amend. As explained previously, the court need only consider the documents before the court on defendant's summary judgment motion. Plaintiff submitted 8 exhibits in support of her opposition to defendant's motion for summary judgment, including copies of six depositions, a document titled "Beverly Enterprises (Kansas) associate benefit summary," and a HCFA disclosure statement indicating that Beverly Enterprises—Kansas, Inc., was doing business as Colonial Manor and that Beverly Enterprises, Inc., and Beverly Health and Rehabilitation Services, Inc., had an ownership or controlling interest in Beverly Enterprises—Kansas, Inc. Defendant also submitted several excerpts from the "Beverly Enterprises Associate Relations Policies and Procedures Manual" and a document titled "Beverly Enterprises Addendum to the Associate's Handbook."

The evidence before the court on defendant's motion for summary judgment was simply insufficient as a matter of law to give rise to an estoppel claim. Nowhere does the name "Beverly Health and Rehabilitation Services, Inc." appear in plaintiff's employment documents. Beverly Health's name appears only (1) on the top of a letter written by Mr. Clark *on behalf of Colonial Manor* to the KHRC during its investigation of plaintiff's charge, and (2) on a HCFA disclosure statement as an entity with an ownership interest in Beverly Enterprises—Kansas, Inc. On the other hand, plaintiff's benefit summary is titled "Beverly Enterprises (Kansas)," and "Beverly Enterprises—Kansas, Inc. DBA Colonial Manor" is specifically listed on the HCFA disclosure statement submitted by plaintiff. *See* Plaintiff's Exhs. 6 and 7 in Support of Opp. to Def's Mot. for Summary J. (Doc. # 119). Neither one of these representations by Beverly Health is sufficient to give rise to an estoppel claim.

Even if we considered the documents submitted by plaintiff in support of her motion to alter or amend, we would reach the same result. There is simply a lack of evidence as to many of the elements of a claim for equita-

ble estoppel, including (1) defendant's duty to reveal its full corporate name and structure in plaintiff's employment documents, (2) plaintiff's inability to otherwise obtain the information, (3) defendant's intent, and (4) plaintiff's reliance. Regardless of what defendant represented to plaintiff prior to August 27, 1997, defendant specifically informed plaintiff on August 27 that she had named the wrong entity and that Beverly Enterprises—Kansas, Inc., was her employer. Despite plaintiff's attempt to take some discovery on this issue in September 1997, plaintiff did not seek leave to amend her complaint to add Beverly Enterprises—Kansas, Inc., until February 2, 1998, after judgment had been entered against her. In addition, the name "Beverly Enterprises" appears on almost every employment document submitted by plaintiff. Beverly Health's name does not appear on any of plaintiff's employment documents.

For all of the above reasons, the court concludes that plaintiff has not produced sufficient evidence to raise an issue of material fact as to whether defendant should be estopped from denying that it was plaintiff's employer.

## II. Plaintiff's Request To Amend Her Complaint And The Pretrial Order To Add Beverly Enterprises As A Party.

Plaintiff opposed defendant's motion for summary judgment on the ground that Beverly Health was plaintiff's employer and that Beverly Health is estopped from denying that it was plaintiff's employer. In her summary judgment opposition, plaintiff did not seek leave to amend to add Beverly Enterprises as a party or even present this as an alternative argument. Now, plaintiff, having lost on the issues before the court on defendant's motion for summary judgment, seeks to amend her complaint to add Beverly Enterprises as a party. Plaintiff's request is brought approximately five months after defendant specifically informed plaintiff that she had named the wrong party and approximately four months after defendant filed a motion for summary judgment on the issue.

### A. *Motion To Amend Standards.*

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Although the granting of a motion to amend is within the discretion of the court, *see First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127 (10th Cir.1987), the United States Supreme Court has indicated that the provision "leave shall be freely given" is a "mandate ... to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties. *See Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir.1982) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1471, at 359 (1971)).

In determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "In the absence of a specific factor, such as flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend." *Lange v. Cigna Individual Financial Servs. Co.,* 759 F.Supp. 764, 769 (D.Kan.1991) (citation omitted). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3d Cir.1969); *see LeaseAmerica Corp. v. Eckel,* 710 F.2d 1470, 1474 (10th Cir.1983). The party opposing the amendment has the burden of showing prejudice. *See Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977).

In effect, plaintiff also seeks to amend the pretrial order in this case. Rule 16(e) of the Federal Rules of Civil Procedure states that pretrial orders "shall be modified only to prevent manifest injustice." While this standard does impose some restraint on the trial court's normal broad discretion in decisions to amend pleadings and pretrial orders, Rule 16(e) does not supplant the court's discretion. *See, e.g., MacCuish v. United States,* 844 F.2d 733, 736–37 (10th Cir.1988); *see also* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1527 n. 19 (1990) (court is not required to rigidly and pointlessly adhere to pretrial order).

Before the court can determine whether amendment is proper under rule 15 or 16, the court must determine if the court's previous judgment should be vacated. The Tenth Circuit has held that "once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir.1985) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1489 (1971)) (other citations omitted); *National Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d Cir.1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."); *see also Seymour v. Thornton,* 79 F.3d 980, 987 (10th Cir.1996) (following *Cooper* and affirming denial of motion to amend after entry of judgment).

### B. *Analysis.*

As discussed previously, plaintiff has not asserted a valid basis for vacating the judgment in favor of Beverly Health. Plaintiff's request to add Beverly Enterprises on the ground that plaintiff previously named the wrong party is insufficient. Plaintiff had ample time to seek leave to amend her complaint but failed to do so. In fact, plaintiff started to take discovery on the employer identity issue in September 1997, but apparently made the strategic choice not to pursue the matter and to rely solely on her equitable estoppel argument. Plaintiff clearly could have asserted her request to amend well before the entry of *summary* judgment. While the court may have granted plaintiff's motion to amend if it had been brought prior to the entry of judgment, the court finds now

that its concerns for finality of judgments and judicial economy militate against allowing plaintiff to amend her complaint. *See State Trading Corp. of India v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly."); *Twohy v. First Nat'l Bank,* 758 F.2d 1185, 1196 (7th Cir. 1985) ("Several courts have recognized that justice may require something less in post-judgment situations than in pre-judgment situations under Rule 15(a)"); *Union Planters Nat'l Leasing, Inc. v. Woods,* 687 F.2d 117, 121 (5th Cir.1982) ("Further, after summary judgment has been granted, the court has 'even more reason for refusing to allow amendment.'") (quoting *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469 (5th Cir. 1967)); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1489 at 694 (1990) ("the draftsman of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must be obtained after judgment and the broad amendment policy of Rule 15(a) should not: be construed in a manner that would render those provisions meaningless," "relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation").

In *Frank,* plaintiffs moved to supplement their complaint to add defendant's subsidiary as a party approximately two months after defendant filed a summary judgment motion asserting that it was not plaintiffs' employer. 3 F.3d at 1361. The district court denied plaintiffs' motion because "it was filed four and a half months after the court's [ ] deadline for amending the pleadings." *Id.* The Tenth Circuit affirmed the district court's ruling. *Id.* at 1365. The Tenth Circuit explained: "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend [ ] especially when the party filing the motion has no adequate explanation for the delay." *Id.* (citations omitted); *see Overbrook Farmers Union Co-op. Ass'n v. Missouri Pacific R.R. Co.,* 21 F.3d 360, 366 (10th Cir.1994) (finding that the district court did not abuse its discretion by denying plaintiff's untimely motion to amend

to add parent company of defendant as a party).

Plaintiff's delay in this case is even more egregious than the plaintiffs' delay in *Frank.* Here, plaintiff responded to defendant's motion for summary judgment and to defendant's contentions in the pretrial order by arguing that (1) Beverly Health was plaintiff's employer and (2) Beverly Health is equitably estopped from denying that it was plaintiff's employer. While plaintiff has provided in detail defendant's alleged effort to conceal its affirmative defense, plaintiff has offered no explanation for her five-month delay in seeking leave to amend her complaint after defendant fully revealed the nature of its affirmative defense and plaintiff started to take discovery on the issue. For the above reasons, the court will deny plaintiff's request for leave to amend her complaint to add Beverly Enterprises—Kansas, Inc., as a party.

IT IS THEREFORE ORDERED that plaintiff's motion to alter judgment or, in the alternative, for relief from judgment (Doc. # 150) is denied. Plaintiff's additional request for leave to amend her complaint to add Beverly Enterprises—Kansas, Inc., as a party is denied.