**Richard D. COOPER,**
**Plaintiff-Appellant,**

v.

**Ted W. SHUMWAY; Scott Prisbrey; Rob F. Owens; Deborah I. Lewis; Lori Smith; City of St. George, Utah; Amos J. Schoonover; Lynn Stokes; Kenneth Campbell; Clark Fuller; William H. Hopkinson; Delwyn Bracken; Eugene D. Roberts; Clawson Hunt Jr.; William B. Sevy; Bruce Raftery; County of Washington, Utah; Karl F. Brooks; Gary S. Esplin; Sharon L. Isom; Randy W. Wilkinson; Howard H. Putnam; Richard M. Mathis; John Joe Hutchings; Scott Hirschi; Paul Joseph Proutz; Kurt L. Young; John Jerry B. Lewis; Sharon Stebbins; Dean Losee; Doug Labrum; and John/Jane Does, Defendants-Appellees.**

**No. 84–2744.**

United States Court of Appeals, Tenth Circuit.

Dec. 17, 1985.

Richard D. Cooper, pro se.

David L. Wilkinson, Atty. Gen., Paul M. Warner, Asst. Atty. Gen., Chief, Litigation Division, and Stephen J. Sorenson, Asst. Atty. Gen., the State of Utah, Salt Lake City, Utah, for defendants-appellees Owens and Lewis.

Before McKAY and SETH, Circuit Judges, and BRIMMER, District Judge.*

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This action is before the court on defendants Owens' and Lewis' motion to affirm and plaintiff's response.

On March 7, 1984, the district court dismissed plaintiff's complaint as to each defendant. Pursuant to plaintiff's motion to vacate the judgment, the district court filed an order reaffirming its order of dismissal and judgment on May 25, 1984. Plaintiff did not appeal from either order. Rather, on October 5, 1984, plaintiff filed an amended complaint. Defendants objected to the amended complaint.

The district court treated the amended complaint as a motion for leave to amend, Fed.R.Civ.P. 15(a), and found that because the judgment had been entered, an amendment would not be allowed until the judgment was set aside or vacated pursuant to Fed.R.Civ.P. 59 or 60. Furthermore, the district court found that a Rule 59(e) motion would be untimely and plaintiff had set forth no grounds for granting Rule 60(b) relief. Accordingly, the district court denied leave to amend. Plaintiff appealed.

Defendants Owens and Lewis filed a motion to affirm. They argue that (1) plaintiff obtained no leave of the court or consent by the parties to file an amended complaint; and (2) plaintiff could not file an amended complaint as of right because an order of dismissal and final judgment had been entered. Also, defendants Owens and Lewis request "reasonable attorney's fees" for their work on appeal.

* The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation.

In his response to the motion to affirm, plaintiff states (1) he should have been allowed to file an amended claim as of right because defendants' motion to dismiss was not a responsive pleading; and (2) defendants' argument in their motion to dismiss that plaintiff stated no claim upon which relief may be granted was not sufficient to bar plaintiff's complaint and amended complaint.

Fed.R.Civ.P. 15(a) provides that an amended complaint may be filed only by leave of the district court or by written consent of an adverse party after a responsive pleading is filed. Ordinarily, a motion to dismiss is not deemed a responsive pleading. *Educational Servs., Inc. v. Maryland State Bd. for Higher Educ.*, 710 F.2d 170, 176 (4th Cir.1983). A motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984). The final judgment precludes plaintiff from amending his complaint as of right pursuant to Rule 15(a). *Feddersen Motors, Inc. v. Ward*, 180 F.2d 519, 523 (10th Cir.1950).

As the district court correctly determined, once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b). 6 C. Wright & A. Miller, Federal Practice and Procedure § 1489 (1971); *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir.1976); *Wilburn v. Pepsi-Cola Bottling Co. of St. Louis*, 492 F.2d 1288, 1290 (8th Cir.1974); *Knox v. First Sec. Bank of Utah*, 206 F.2d 823, 826 (10th Cir.1953). Because the amended complaint was not filed within ten days of final judgment, Rule 59(e) is inapplicable. Rule 60(b) also will not provide relief. Plaintiff alleged the same facts in both his original complaint and amended complaint, and all the allegations raised in the amended complaint either were or could have been raised in the original complaint.

The district court did not abuse its discretion in refusing to grant plaintiff leave to amend his complaint after final judgment.

*See Landon v. Northern Natural Gas Co.*, 338 F.2d 17, 20 (10th Cir.1964), *cert. denied*, 381 U.S. 914, 85 S.Ct. 1529, 14 L.Ed.2d 435 (1965). *See also Barta v. Long*, 670 F.2d 907, 910 (10th Cir.1982); *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 (10th Cir.1975). Based on the above discussion, we grant defendants Owens' and Lewis' motion to affirm.

Defendants Owens' and Lewis' request for reasonable attorney's fees on appeal is denied.

AFFIRMED. The mandate shall issue forthwith.