**Bonnie GLENN and Glenn's Enterprises Inc., a Colorado Corporation, Plaintiffs–Appellants,**

v.

**FIRST NATIONAL BANK IN GRAND JUNCTION, a Federal Banking Institution, Allen E. Heimer, Wayne Beede, and Carol Rodgers, Defendants–Appellees.**

No. 87–1312.

United States Court of Appeals, Tenth Circuit.

Feb. 15, 1989.

Submitted on the briefs: *

Bradley P. Pollock of Bell & Pollock, P.C., Littleton, Colo., for plaintiffs-appellants.

Timothy P. Schimberg of Fowler & Schimberg, P.C., of counsel, Thomas J. Bissell, and Jane E. Westbrook, Denver, Colo., for defendants-appellees.

Before LOGAN, BRORBY and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

Plaintiffs, Bonnie Glenn and Glenn's Enterprises, Inc. (Appellants), filed a complaint against the bank; two of the officers of the bank; and a guarantor. (The bank and the bank officers hereinafter are referred to as Appellees.) Appellants asserted a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. §§ 1961–1968 (1984), and five pendent claims. Appellees filed a motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. Appellants filed a response to this motion, asking the trial court to require the defendants to answer, or, in the alternative, "that leave be given to the Plaintiffs to amend their Complaint or file a more definite statement with respect to those particular areas where the Court believes and/or determines that the Plaintiffs have failed to state a claim for relief."

Setting forth detailed reasons for its actions, the trial court dismissed the RICO claim under Fed.R.Civ.P. 12(b)(6), and dismissed the pendent claims for lack of jurisdiction. The order dismissing the complaint did not address Appellants' "request to amend" contained in their response to the motion to dismiss. Following the trial court's dismissal, Appellants did not file a motion for leave to amend under Fed.R. Civ.P. 15, nor a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), nor a motion for relief from a judgment for mistake under Fed.R.Civ.P. 60(b), nor any other motion. Rather, Appellants chose to appeal. Appellants assert the trial court erred in not allowing them to amend their complaint. They assert further error in the trial court's refusal to review the introductory allegations contained in their complaint in order to match them with the elements of a RICO claim. We AFFIRM the decision of the trial court.

I

■ Appellants state their first issue as follows: "Did the court error [sic] in its failure to allow the plaintiffs to amend their complaint to state a claim for relief prior to dismissing the subject case and

* After examining the briefs and the appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

complaint?" Appellants contend that they moved for leave to amend and erroneously were denied that permission. In our view, no such motion was before the court. Appellants failed to exercise their *right* to amend prior to the trial court's decision, and also failed to move for *leave* to amend after the trial court granted the motion to dismiss, under Fed.R.Civ.P. 15, in conjunction with a motion under Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b). Because the district judge was not obliged to consider the matter, he committed no error.

■ Fed.R.Civ.P. 15(a) provides that a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served. Recognized pleadings are listed in Fed.R.Civ.P. 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer. "No other pleading shall be allowed." *Id.* Ordinarily, a motion to dismiss is not deemed a responsive pleading. *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985). Consequently, Appellants could have amended as of *right* after they received the motion to dismiss and prior to the trial court's decision. Appellants failed to exercise their right to amend and chose instead to stand on their complaint.

After the court granted the motion to dismiss, Appellants could have amended their complaint only by leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a); *O'Bryan v. Chandler*, 352 F.2d 987, 990 (10th Cir.1965), *cert. denied*, 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530 (1966). Appellants could have filed a motion under Rule 15(a) in conjunction with a motion to amend the judgment under Fed.R.Civ.P. 59(e), or a motion for relief due to mistake under Fed.R.Civ.P. 60(b). Under Fed.R.Civ.P. 7(b), "[a]n application to the court for an order shall be made by motion which ... shall state with particularity the grounds therefor, and shall set forth the relief or order sought." *Id.* Appellants failed to file any motion.

■ In response to the Appellees' motion to dismiss, Appellants requested that the court require the Appellees to answer, or, in the alternative, "that leave be given to the Plaintiffs [Appellants] to amend their Complaint or file a more definite statement with respect to those particular areas where the Court believes and/or determines that the Plaintiffs have failed to state a claim for relief." Appellants urge us to construe this request, made prior to the dismissal, as a motion for leave to amend. We decline to do so. In our view, Appellants' request does not rise to the status of a motion. The request is not an application for an order contemplated under the rules, and the request states no grounds let alone "particular" grounds for the request. If Appellants had *any* grounds for amending, they could have amended as a matter of *right* at the time they issued their request. Obviously, either they had no additional facts or they felt they had stated a claim.

Appellants could not file a request for leave to amend without first complying with Fed.R.Civ.P. 11. Rule 11 requires that the signature of an attorney on a pleading certify to the best of the signer's knowledge, information, and belief, formed *after* reasonable inquiry, that the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for a change in the law. Furthermore, Rule 11 contemplates and demands an attorney's investigation of both the facts and the law, and this cannot be done when the attorney, as here, apparently does not know what is necessary to state a claim. Rule 11 applies to motions. Wright & Miller, *Federal Practice & Procedure* § 1191 at 34 (1971). The premature request for leave to amend was without basis and was a mere "shot in the dark." There could be no compliance with Rule 11 until Appellants first ascertained what was necessary to state a claim.

Because the issue was never before it, the district court did not refuse to permit Appellants to amend their complaint. For the same reason, we will not construe the court's silence as an implicit denial of a motion.

Appellants next urge us to grant leave to amend as a matter of right after dismissal as a "request" therefor was made prior to the court's dismissal. We cannot agree. If Appellants' theory were to be adopted, the pleading phase of a lawsuit would never end. Such a practice would undermine the distinctions in Fed.R.Civ.P. 15 between "right" to amend and "leave" to amend, and plaintiffs' counsel would then have the right to amend indefinitely simply by including a "request to amend" in their response to a motion to dismiss.

Under the facts of this case, we hold that Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon. A naked request for leave to amend asked for as alternative relief when a party has the unexercised right to amend is not sufficient. After a motion to dismiss has been granted, plaintiffs must first reopen the case pursuant to a motion under Rule 59(e) or Rule 60(b) and then file a motion under Rule 15, and properly apply to the court for leave to amend by means of a motion which in turn complies with Rule 7. In that event, in accordance with Rule 15, "leave shall be freely given when justice so requires." *Id.; Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Furthermore, this court has allowed the plaintiff ten days after dismissal to amend the complaint. *Eames v. City of Logan*, 762 F.2d 83, 85 (10th Cir.1985); *Leggett v. Montgomery Ward & Co.*, 178 F.2d 436, 438 (10th Cir. 1949). Appellants availed themselves of none of their legal options. Appellants' failures are well beyond "mere technicalities" and this court will not protect them from their own inaction.

## II

■ Appellants state their second issue as follows: "Did the court error [sic] in its refusal to review the introductory allegations to determine if said allegations are sufficient to state a claim for relief?" The trial court reviewed all of Appellants' alle-

gations and liberally construed the complaint. The trial judge described Appellants' method of pleading as "shotgun" pleading and stated that he was not going to do Appellants' work for them to connect assertions with elements of all sections of the RICO law. Most importantly, the trial court found the allegations "too vague and conclusory to state a claim for relief under RICO." The trial court's order of January 16, 1987, thoroughly analyzed the RICO claim and concluded in part:

Plaintiffs have failed to state the facts that support the elements of their RICO claim within the allegations of their First Claim for Relief. I will not search through the several paragraphs of the plaintiffs' "Introductory Allegations" and attempt to match the factual assertions with the elements of all subsections of the RICO statute to determine if the complaint states a claim for relief. Neither will I require the defendants to "piece" together the plaintiffs' complaint. Plaintiffs are required to assert, in good faith and subject to Rule 11, Fed.R.Civ.P. the RICO subsection or subsections on which they rely and support each claim with allegations of fact.

Moreover, the plaintiffs' allegations are too vague and conclusory to state a claim under RICO.

The law recognizes a significant difference between notice pleading and "shotgun" pleading.

Apparently, even Appellants do not contend their purported RICO claim was sufficient. They neither contend nor establish in their brief that this "pleading" sets forth a claim as required by Fed.R.Civ.P. 8. Appellants cite two unpersuasive cases in support of their contentions on this issue: *New York State Waterways Ass'n, Inc. v. Diamond*, 469 F.2d 419 (2d Cir.1972), and *Rohler v. TRW, Inc.*, "576 F.2d 1260 (C.A.7th 1978)."[1] In *New York State Waterways*, the court held that: "it is our duty to read [the complaint] liberally, to determine whether the facts set forth justify taking jurisdiction...." 469 F.2d at 421. In our case, the record indicates that the court did

---

1. *Rohler* was miscited as "576 P.2d 1260 (C.A.7th 1978)." We located the case at 576 F.2d 1260

(7th Cir.1978), and note that *Rohler* was not the only case miscited by appellants in their brief.

in fact liberally construe the complaint. The trial court's meticulous order recites in part as follows: "Plaintiffs have attempted to set forth the details of their action in the 'Introductory Allegations' section of their complaint. Liberally construing the complaint, it appears that...." Furthermore, Appellants' second issue is not a liberal construction issue, but whether the trial court was obligated to construct a cause of action from allegations in a complaint filed by a party who was unwilling or unable to plead the cause of action himself. Consequently, *New York State Waterways* does not apply to this case.

Likewise, *Rohler* is distinguishable. In *Rohler*, the court dismissed the complaint, but plaintiff filed a motion for reconsideration and for leave to file an amended complaint, complete with a proposed amended complaint. The trial court denied permission to amend. The circuit court reversed, holding the court must grant leave to amend to allow plaintiff to attempt to comply with the jurisdictional requirement. In this case, however, Appellants filed no motion for leave to amend, and they neither conceived nor produced a proposed amended complaint. Consequently, *Rohler* is distinguishable from this case on the facts.

Although Appellants did not designate the complaint as part of the record on appeal, we have obtained a copy of the complaint in accordance with 10th Cir.R. 10.2.4. After reviewing the record as supplemented by us, we conclude the trial court did not err in refusing to attempt to create order out of chaos. The complaint failed to state a claim under any conceivable matching of allegations.

Because Appellants neither made a showing in accordance with Rule 11 that they were able to amend and state a claim, nor filed a motion in accordance with Rule 7 showing with particularity the grounds therefor, we will not direct Appellants be given an opportunity to amend. The complaint failed to state a claim. The decision of the trial court as set forth in its order of January 16, 1987 is AFFIRMED.