909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rochester HARRIS, Plaintiff-Appellant,
v.
Kent JONES (Implied Agency), Defendant-Appellee,
The State of Michigan, Appellee.
 No. 89-2250.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM H. TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Plaintiff appeals the denial of his Fed.R.Civ.P. 15(a) motion to amend a prior complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff is a prisoner at the State Prison of Southern Michigan. In his original complaint filed February 25, 1988, plaintiff alleged that the defendant, an employee of the Department of Health and Human Services, improperly gave plaintiff's Social Security benefits to the prison to pay for prison expenses.
 
 
 3
 On September 14, 1988, the district court adopted a magistrate's report which recommended that the defendant's motion to dismiss be granted and the case dismissed. This court affirmed that ruling on other grounds. See Harris v. Jones, No. 88-1975, unpublished order at 2 (6th Cir. Feb. 21, 1989).
 
 
 4
 Subsequent to this court's ruling, plaintiff filed a motion to amend his complaint to add the State of Michigan as a defendant. The district court denied plaintiff's motion to amend his complaint because the original complaint had been dismissed and because that dismissal was affirmed by this court.
 
 
 5
 Upon review, we hold that the district court did not abuse its discretion in refusing to allow plaintiff to amend his complaint to add the State of Michigan as a defendant. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Final judgment by this court precluded plaintiff from amending his complaint pursuant to Fed.R.Civ.P. 15(a). See Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir.1985). An amendment would be futile because plaintiff's amended complaint alleged a cause of action which had been ruled factually and legally insufficient.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation