41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John P. THOMAS, Plaintiff-Appellant,
v.
JOHNSTOWN, TOWN OF; James C. Noah, Mayor; Debra Arndt,
Trustee; Carl Yost, Trustee; Dwight Sullivan, Jr.,
Trustee; Ray Wadas, Trustee; Dave Bejerano, Trustee;
Chester T. Hays, Trustee; Dale Windsor, Trustee; Elizabeth
A. Whitmore, Trustee; Michael Engrav, Trustee; Lucille
Trefeisen, Private Party; James D. Anderson, Police
Officer, W.R. Swearengin, Board Adj.; John L. Marostica,
Jr., Board Adj.; Roger L. Lindgren, Board Adj.; Ernest D.
Bower, Police Chief; Woodrow W. Collins, Bldg. Indp.; Vern
Tregoning, Bldg. Insp.; John Perrott, Town Attorney;
Patricia A. Burger, Attorney Sec.; Jonathan W. Hays, Weld
County District Judge; Ed Jordan, Weld County Sheriff;
Wanda Vroman, Private Party; James Vons, Defendants-Appellees.
 No. 94-1279.
 United States Court of Appeals, Tenth Circuit.
 Nov. 18, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Senior Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 John P. Thomas, also known as John Paul Thomas, appearing pro se, appeals from the district court's order dismissing his complaint filed October 18, 1993, pursuant to 42 U.S.C.1983 wherein he alleged that the defendants conspired and maliciously violated his rights under the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution. Thomas sought both exemplary and punitive damages, attorney fees he had previously expended, expert fees, and injunctive relief.
 
 
 3
 The plaintiff initiated this action following extensive and unsuccessful proceedings in state court resulting in a sheriff's sale of plaintiff's structure in the Town of Johnstown, Colorado, after it was judicially found to be a nuisance in violation of the Town's ordinances.
 
 
 4
 The last act alleged in the plaintiff's complaint is that the town attorney of the Town of Johnstown unlawfully entered upon his property and removed personal items, but no date or time is alleged. Accordingly, the record indicates that the last act committed by any of the defendants with a fixed date is the order by state District Judge Jonathan W. Hays, of Weld County, Colorado, a named defendant, in ratifying the Sheriff's sale of plaintiff's property on September 19, 1991.
 
 
 5
 Wilson v. Garcia, 471 U.S. 261 (1985) established that 1983 claims "are best characterized as personal injury actions," id. at 280, and that for statute of limitations purposes the courts must look to the applicable statute in the state where the action is brought. C.R.S. 13-80-102(1)(a) provides that "tort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract" must be brought within two years. In this case, the two-year period expired on or about September 19, 1993. Accordingly, because plaintiff's action was not filed until October 18, 1993, it is barred under the Colorado statute of limitations.
 
 
 6
 The district court recognized, as do we, that a pro se complaint must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). The court found/held that: plaintiff's claims are time-barred under the applicable statute of limitations; plaintiff's due process claims are not properly stated and cannot reasonably be inferred from the factual recitations in the complaint; there are insufficient facts alleged upon which to base any 1983 claims; plaintiff failed to state a 1983 claim of conspiracy; and plaintiff's claim for injunctive relief to prevent further prosecution in state court actions is not properly before the court.
 
 
 7
 Following the court's order dismissing plaintiff's complaint, plaintiff filed a motion to amend his complaint which was denied.
 
 
 8
 On appeal, plaintiff contends that (1) the district court abused its discretion in denying his motion to amend his pleadings or complaint in order to comply with Fed.R.Civ.P. 8(a), and (2) the district court erred in holding that his complaint fails to state a cause of action.
 
 
 9
 In Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir.1985), we held that the district court did not abuse its discretion in refusing to grant plaintiff leave to amend his complaint after final judgment. A final judgment on a motion to dismiss precludes plaintiff from amending his complaint as of right pursuant to Fed.R.Civ.P. 15(a). The district court did not abuse its discretion in denying plaintiff's motion to amend his complaint. Justice did not so require. See Rule 15(a).
 
 
 10
 We affirm for substantially the reasons set forth in the district court Order of dismissal dated and filed March 31, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470