**In re Petition of AQUACULTURE FOUN-DATION FOR EXONERATION FROM OR LIMITATION OF LIABILITY.**

**George Dobrovich and Judith Dobrovich, Plaintiffs,**

v.

**Lesley H. Hamel, Defendants.**

**Nos. 3:96 CV 865(GLG), 3:97 CV 467(GLG).**

United States District Court, D. Connecticut.

Oct. 20, 1998.

Ralph J. Mellusi, Tabak & Mellusi, New York City, George D'Amico, Miller, Rosnick, D'Amico & De Lucia, P.C., Bridgeport, CT, for Plaintiffs.

Richard A. Roberts, Kerry E. Knobelsdorff, Nuzzo & Roberts, L.L.C., Cheshire, CT, for Defendants.

### MEMORANDUM DECISION

GOETTEL, District Judge.

Following this Court's decision in *Dobrovich v. Hotchkiss*, 14 F.Supp.2d 232 (D.Conn. 1998), that admiralty jurisdiction was lacking and, there being no other asserted basis for jurisdiction, that the case should be dis-

missed, the defendant in *Dobrovich v. Hamel* made a similar motion. We were a bit surprised at this motion because, at oral argument in the *Hotchkiss* case, plaintiffs' counsel informed the Court that there was an allegation of diversity jurisdiction in the *Hamel* case. It now appears that representation was incorrect. It is clear that the claim of admiralty jurisdiction against Hamel must be dismissed for the reasons stated in the *Hotchkiss* decision.

In an effort to avoid a dismissal of the *Hamel* case, in opposition to defendant Hamel's motion, the plaintiffs have done three things:

(1) moved to amend the complaints;

(2) moved for relief from judgment and order in the *Hotchkiss* case; and

(3) moved to alter or amend the judgment in the *Hotchkiss* case.

Each of these motions will be considered separately.

## MOTION TO AMEND THE HAMEL COMPLAINT

■ It is unquestionably the law that a motion to amend the pleadings in a pending case should normally be granted unless prejudice or some other pressing objection can be demonstrated. Defendant Hamel does not raise such objections, but rather argues that complete diversity does not exist so as to make the amendment ineffectual. Hamel points to the fact that, as it concerns plaintiffs' other motions, the plaintiffs have argued that the cases are so interconnected as to be inseparable. Consequently, defendant Hamel accepts the view that this is one large case and points out that there is a lack of complete diversity because Hotchkiss and the Dobroviches are all Connecticut citizens. Since no other jurisdictional basis exists against Hamel, Hamel argues that the motion to amend would be fruitless. Hamel also asserts that Hotchkiss and his corporation are indispensable parties to the plaintiffs' action against her. We reject both of these arguments.

As will be seen in the discussion of the *Hotchkiss* motions below, these are not just one large case. Indeed, they are three separate cases which were consolidated for purposes of discovery (one of which has already been dismissed), and no decision has been made as to how they should be tried.[1] Consequently, we reject the notion that there must be diversity with respect to Hotchkiss, particularly since the case against him has already been dismissed.

■ We also reject the argument that Hotchkiss is an indispensable party. Hotchkiss was the designer of the ramp in question which rests upon defendant Hamel's property. The case against Hotchkiss and his corporation was essentially one for products liability. Defendant Hamel, on the other hand, is being sued as a property owner for having a dangerous condition on her property which caused plaintiffs' injuries. Hamel was sued the year before Hotchkiss was, and made no claim at that time that Hotchkiss was an indispensable party. The legal basis for possible liability differs in the two actions. Consequently, Hotchkiss is not an indispensable party in the suit against Hamel and the motion to amend the plaintiffs' pleadings in the *Hamel* case to allege diversity jurisdiction (**Doc. No. 39**) is **GRANTED**. Having so decided, we need not consider plaintiffs' claim that they are entitled to sue all of these various parties through the doctrine of supplemental jurisdiction and as pendent parties, although this issue is discussed in some respect on the motions directed to Hotchkiss.[2]

---

1. On July 8, 1997, Judge Nevas who then had the *Hamel* case granted the plaintiffs' motion to consolidate (as to which there was apparently no opposition) it with the "Petition of Aquaculture Foundation, Civil Action No. 3:96865(GLG) [which should read 3:96 CV 865] and that discovery in both action [sic] occurs simultaneously in accordance with the scheduling order in the above matter." Later on, the plaintiffs in the *Hotchkiss* case made a similar unopposed motion to consolidate the *Hotchkiss* case with the *Petition of Aquaculture* and *Dobrovich v. Hamel*.

2. Defendant Hamel argues that even if the case arises under a common nucleus of facts, supplemental jurisdiction allows only for attaching claims to an action which may involve the joinder or intervention of additional parties and not the attachment of additional actions.

### PLAINTIFFS' MOTION WITH RESPECT TO THE HOTCHKISS CASE PURSUANT TO RULE 60 AND ALTERNATIVELY RULE 59

Plaintiffs have made what truly is nothing more than an untimely motion for reconsideration of the *Hotchkiss* decision. *See* D.Conn.L.Civ.R. 9(e). No basis under Rule 60 or 59 of the Federal Rules of Civil Procedure is set forth to support the motion except for the claim that the Court overlooked certain jurisdictional issues in its decision of July 27, 1998. This Court did not overlook any jurisdictional issues that were in the case by virtue of the pleadings or the briefing. Extensive briefs had been submitted over some months and the matter had been orally argued. No suggestion was made during that time that plaintiffs wished to amend their pleadings in the *Hotchkiss* case so as to allege supplemental jurisdiction. While the decision in the *Hotchkiss* case was in its final draft, and two working days before it was issued, a letter arrived from plaintiffs' counsel[3] indicating his belief that the Court might exercise supplemental jurisdiction over the claim against Hotchkiss in the interest of judicial economy since the Court had admiralty jurisdiction over the Aquaculture shipowners' limitation of liability claim. The plaintiffs requested permission to move to amend the complaint in *Hamel* and *Hotchkisss* and suggested that "the court take cognizance sua sponte of the supplemental jurisdiction." The plaintiffs also requested permission to move to amend the complaint in the *Hamel* action to include diversity jurisdiction. On the day that the *Hotchkiss* decision was filed, we wrote back that no permission was needed from the Court to make a motion. A couple of weeks later the plaintiffs made the instant motions.

■ There have been no changes in the law and no new evidence has come to light justifying a motion under Rule 59(e), Fed. R.Civ.P. Rule 59(e) is not a vehicle for rearguing those issues already decided because a party does not like the way the original motion was resolved. *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996). Nor is it a basis for asserting arguments that could and should have been made before judgment issued. *F.D.I.C. v. World University Inc.*, 978 F.2d 10 (1st Cir.1992).

It is not clear under what basis the Rule 60(b) motion is made. The only basis that might apply, excusable neglect, has not been asserted by the plaintiffs. Consequently, the motion to alter or amend the judgment in the *Hotchkiss* case or for relief from that judgment (**Doc. No. 39**) is **DENIED**.[4]

### PLAINTIFFS' MOTION TO AMEND THEIR PLEADINGS IN THE HOTCHKISS CASE

■ The short answer to plaintiffs' motion to amend in *Hotchkiss*, and the one on which we principally rely, is that you cannot amend a complaint in an action that has already been dismissed. *National Petrochemical Co. of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir.1991). *See also Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985).

The parties spend considerable time arguing over whether, if the motion to amend is considered, the Court should exercise supplemental jurisdiction. We believe there is a basis for supplemental jurisdiction of pendent parties with respect to the *Hamel* and *Hotchkiss* cases. Indeed, the plaintiffs could expect to try them together. We are very dubious, however, about the ability to try those cases with the *Aquaculture* petition involving a Jones Act seaman's claim in which the Dobroviches are claimants, who would be making a separate claim against parties who are not claimants.

■ The problem, however, with asserting supplemental jurisdiction between the *Hamel*

---

3. The Local Rules of the District of Connecticut on motion practice do not provide for letter briefs. *See* D.Conn.L.Civ.R. 9. They are frowned upon. Indeed, even reply briefs are subject to stringent limitations. *See* D.Conn. L.Civ.R. 9(g). Plaintiffs had filed a reply brief much earlier.

4. Plaintiffs filed all three motions in one set of documents. That too is not proper under Connecticut District Court procedures.

case and the *Hotchkiss* case is that 28 U.S.C. § 1367(b) forbids the plaintiffs from bringing a pendent party claim against another defendant "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Pursuant to our earlier decision in *Hotchkiss*, and our granting of leave to amend the *Hamel* complaint, diversity would be the only basis for jurisdiction over Hamel, and the presence of Hotchkiss would destroy diversity as the basis for jurisdiction. Thus, section 1367(b) forbids our exercising supplemental jurisdiction over the *Hotchkiss* defendants.

In addition to the foregoing problems, and assuming that the *Hotchkiss* defendants were made pendent parties in the *Aquaculture* petition, it would have the potential for substantial jury confusion. While some of the operative facts are identical, there are distinctly divergent theories of relief against the ship owner and the designer of the shore-based ramp. While the Dobroviches' Jones Act claim is fairly direct and easy to prove, with respect to Hotchkiss' liability under the Connecticut Products Liability Act, we would have to deal with the questions of whether the ramp is a product and Hotchkiss a product seller. There is also an issue as to whether the ramp was sold in that it was installed on the property when Hotchkiss owned it.

For all the foregoing reasons and, in particular, because the case against Hotchkiss has already been dismissed, the motion to amend the pleadings **(Doc. No. 39)** is **DENIED.**