F I L E D
United States Court of Appeals
Tenth Circuit

SEP 21 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT A. LEVY and PHYLLIS B.
LEVY,

       Plaintiffs-Appellants,

v.

SWIFT TRANSPORTATION
COMPANY, INC., Sparks, Nevada;
SWIFT TRANSPORTATION
COMPANY, INC., Phoenix, Arizona;
JERRY C. MOYES; KEITH DALE
NICHOLS; EDDIE LEE TIGGS;
UNITED STATES OF AMERICA;
CENTRAL INTELLIGENCE
AGENCY,

       Defendants-Appellees.

No. 99-2167

(D.C. No. CIV-98-578-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs Robert A. Levy and Phyllis B. Levy appeal the district court's orders denying their motion for assignment of judge, dismissing the case, denying their Rule 59(e) motion to alter or amend the judgment, and barring them from filing further federal proceedings in this matter.  Plaintiffs also argue the district court erred in refusing to allow discovery before dismissing the case. However, this order is not included in plaintiffs' notice of appeal and therefore is not properly before this court for review.  See Scaramucci v. Dresser Indus., Inc. , 427 F.2d 1309, 1318 (10th Cir. 1970).  We affirm.

I.

Plaintiffs originally brought an action in 1997 for damages as a result of a motor vehicle collision on July 20, 1994, and for other damages arising out of a conspiracy.  Judge Santiago Campos dismissed the case without prejudice. Plaintiffs again filed a complaint in May 1998 in the present action, which was substantially the same as the original complaint but which added the United States and the CIA as parties and contained additional conspiracy allegations.  Judge LeRoy Hansen dismissed the case for lack of subject matter jurisdiction and ordered: "Plaintiffs are prohibited from filing any further proceedings against these Defendants relating to the same subject matter in this district court."

Record, Doc. 40 at 11.

## II.

Plaintiffs argue the district court erred in denying their motion to assign this case to Judge Campos, who presided over the first case. We review a district court's denial of a motion to recuse for abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).

In their motion, plaintiffs argued it would be appropriate to assign the case to Judge Campos because he was familiar with the case. Plaintiffs made no allegations of bias, prejudice, or impartiality by Judge Hansen. See 28 U.S.C. § 455 (discussing circumstances requiring disqualification of judges). In denying the motion, Judge Hansen found the request was not based on disqualification or any other justifiable reason. Plaintiffs now allege Judge Hansen was biased, as evidenced by his rulings against them. However, these later rulings do not show Judge Hansen was biased at the time he denied the motion to recuse or, for that matter, at the time the rulings were entered. The district court did not abuse its discretion in denying the motion to assign the case to Judge Campos.

## III.

Plaintiffs argue the district court erred in dismissing their complaint against all defendants. The court dismissed the case for lack of diversity and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We review this dismissal de novo.

See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary, 163 F.3d 1150, 1152 (10th Cir. 1998). Plaintiffs do not appeal the court's dismissal of defendant CIA for lack of subject matter jurisdiction under the Federal Tort Claims Act.

The district court found plaintiffs failed to file their complaint against the United States within the statute of limitations. A tort claim against the United States must be presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The statute of limitations began to run when plaintiffs knew or had reason to know of the existence and cause of the injury that is the basis of their action. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994) (citing United States v. Kubrick, 444 U.S. 111, 121 (1979)).

The accident occurred July 20, 1994. Plaintiffs contend they did not know of the CIA connection until July 19, 1995, and they sent timely notice of their claim to the CIA on May 22, 1997. They contend the statute of limitations was tolled because of fraudulent concealment. To toll the statute of limitations for fraudulent concealment, plaintiffs must show: (1) the United States used fraudulent means; (2) successful concealment from plaintiffs; and (3) plaintiffs did not know or by the exercise of due diligence could not have known that they might have a cause of action. See Ballen v. Prudential Bache Sec., Inc., 23 F.3d

-4-

335, 336-37 (10th Cir. 1994).  The district court found plaintiffs failed to show they could not have discovered the cause of action by the exercise of due diligence.

Plaintiffs made conclusory allegations that the CIA fraudulently concealed its participation in the accident.  Even accepting these allegations as true, plaintiffs made no showing they could not have known of the CIA's alleged involvement through the exercise of due diligence.  Plaintiffs asserted they did not know of the CIA's connection until someone sent them a book detailing the conspiracy, yet they fail to show they could not have discovered this book earlier through the exercise of due diligence.

Plaintiffs allege the United States is engaged in a continuing conspiracy against them and the statute of limitations did not begin to run until the date of the last tortious act.    See Crosswhite v. Brown  , 424 F.2d 495, 497 (10th Cir. 1970).  The district court found all of plaintiffs' claims of conspiracy occurred before the summer of 1994.  The court further found plaintiffs' conspiracy claim consisted of conclusory allegations that failed to state a claim for continuing conspiracy.  A review of the record confirms the court's conclusion.  Plaintiffs failed to allege a continuing conspiracy that would toll the statute of limitations or state a cause of action.  The district court did not err in dismissing plaintiffs' claims against the United States.

After dismissing plaintiffs' claims against the United States and the CIA, the district court dismissed the remaining defendants for lack of complete diversity. Diversity jurisdiction requires complete diversity -- each defendant must be a citizen of a different state than plaintiff. Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1366 (10th Cir. 1982) (quoting Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365 (1978)). Plaintiffs and two defendants were residents of Texas, creating a lack of diversity.

Plaintiffs argue the district court should have exercised supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). We review the district court's decision to decline supplemental jurisdiction for abuse of discretion. Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1307, 1310 (10th Cir. 1998). The most common response to a pretrial disposition of federal claims is to dismiss the state law claims without prejudice. Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997). The district court could decline supplemental jurisdiction after it dismissed all of the claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3). There is no indication the district court abused its discretion in declining supplemental jurisdiction over plaintiffs' state law claims.

IV.

Plaintiffs contend the district court erred in finding their Rule 59 motion to

alter or amend the judgment was untimely and in treating the motion as one for relief from judgment under Rule 60. Plaintiffs had ten days from the district court's entry of judgment to file their motion to alter or amend. Fed. R. Civ. P. 59(e). The court entered its judgment on December 30, 1998, and plaintiffs filed their motion to alter or amend on January 11, 1999. The district court erred in finding the motion was untimely. See Fed. R. Civ. P. 6(a) (when time allowed is less than eleven days, do not include Saturdays, Sundays, or legal holidays).

Denial of a Rule 59 motion for untimely filing is harmless error if there was no basis for granting the motion on its merits. See Monod v. Futura, Inc., 415 F.2d 1170, 1175 (10th Cir. 1969). A Rule 59(e) motion to alter or amend the judgment should be granted only "to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). In their motion, plaintiffs sought to set aside the judgment to allow them to file a motion for leave to file an amended complaint, to reconsider dismissing the non-federal defendants, and to clarify the judgment to indicate the dismissal did not prejudice plaintiffs' claims in state court. None of these constitute manifest errors of law or newly discovered evidence. We conclude it was harmless error to deny the motion as untimely.

Plaintiffs also argue the district court erred in not allowing them to file an amended complaint. The record does not indicate that plaintiffs requested leave

-7-

to file an amended complaint. Their Rule 59 motion requested only that the court set aside the judgment to provide them the opportunity to file a motion for leave to file an amended complaint. Plaintiffs' response to defendants' motion to dismiss also stated they should be allowed to seek leave to amend their complaint. We find no error in the district court's failure to grant plaintiffs leave to amend their complaint when plaintiffs did not make such a request. See Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989) (after motion to dismiss granted, plaintiff must reopen case with Rule 59(e) or Rule 60(b) motion, then file Rule 15 motion for leave to amend).

V.

Plaintiffs contend the district court erred in barring them "from filing any further proceedings against these Defendants relating to the same subject matter in this district court." The court noted plaintiffs requested leave to amend their complaint in the original action to include the United States as a party, but that Judge Campos found those claims could not survive a motion to dismiss or a motion for summary judgment. The court then found plaintiffs filed this complaint in an attempt to circumvent Judge Campos' ruling, concluding the second filing was an abuse of process warranting filing restrictions.

Plaintiffs do not show their complaint in this case is any different than the proposed amended complaint that Judge Campos did not allow them to file. The

filing sanction was narrowly tailored to fit the specific abuse. We conclude the district court did not abuse its discretion in barring plaintiffs from filing further proceedings in federal court in this matter.

AFFIRMED. Plaintiffs' motion to supplement the record is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge