CSS, INC., Plaintiff,

v.

Christopher HERRINGTON,
et al., Defendants.

CIVIL ACTION NO. 2:16-cv-01762

United States District Court,
S.D. West Virginia,
Charleston Division.

Signed September 12, 2016

Gordon H. Copland, Katherine M. Mullins, Steptoe & Johnson, Bridgeport, WV, Walter A. Herring, Munck Wilson Mandala, Dallas, TX, for Plaintiff.

Allen R. Prunty, Kent J. George, Thomas Olik, Robinson & McElwee, Charleston, WV, Kaitlyn McKitrick, Robert L. Bays, Bowles Rice, Parkersburg, WV, for Defendants.

## ORDER

JOSEPH R. GOODWIN, UNITED STATES DISTRICT JUDGE

Pending before the court is the plaintiff's Unopposed Motion to Alter or Amend Judgment and for Leave to File First Amended Complaint [ECF No. 56], filed on August 26, 2016. The plaintiff filed its Unopposed Motion pursuant to Rule 59(e) and Rule 15(a) of the Federal Rules of Civil Procedure. The plaintiff requests the court to alter or amend its August 18, 2016, Memorandum Opinion & Order [ECF No. 52] ("Order") and Judgment Order [ECF No. 53] to permit the plaintiff to file an amended complaint.

In its Order, the court ruled that the plaintiff was not entitled to sue for copyright infringement under the Copyright Act because the plaintiff's copyright claim had not been registered, and the action was dismissed. *See* Order 10, 12; *see also* 17 U.S.C. § 411(a) (requiring that a copyright claim be either registered or refused before an infringement action can be instituted). Subsequent to the court's dismissal of this action, "[o]n August 24, 2016, the Copyright Office issued certificates of registration on CSS's copyright applications, thereby registering the copyrights." Mem. Supp. Mot. 3 [ECF No. 57]. The plaintiff now wishes to amend its Complaint to allege that copyright registration is complete.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment after its entry. Fed. R. Civ. P. 59(e). Rule 59(e) does not provide a standard under which a district court may grant a motion to alter or amend a judgment, but the Fourth Circuit previously recognized that "there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (citing *Equal Emp't Opportunity Comm'n v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir.1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)). "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 1998)).

A majority of circuits have determined that, once final judgment has been entered, a motion to amend a complaint under Rule 15(a) may be examined only *after* the moving party satisfies the legal standards for vacating a final judgment pursuant to Rule 59(e) or Rule 60(b).[1] According to the

---

1. *See Vesely v. Armslist LLC*, 762 F.3d 661, 666–67 (7th Cir.2014) (requiring that a plaintiff first satisfy the legal standards for vacatur under Rule 59(e) or Rule 60(b) before the district court could address the plaintiff's Rule 15(a) motion to amend the complaint); *United States v. Mask of Ka–Nefer–Nefer*, 752 F.3d 737, 743 (8th Cir.2014) ("Leave to amend will be granted if it is consis-tent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."); *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir.2010) ("Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered.... Post-judgment, the plaintiff may seek leave to amend if he is granted

Fourth Circuit, however, a district court may not deny a motion to amend under Rule 15(a) "simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." [2] *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir.2006); *see also Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reversing a district court's denial of a motion to amend made after the district court entered judgment of dismissal). "Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered . . . ." *Id.*

The Fourth Circuit has recognized that "[t]here is one difference between a pre– and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) . . . ." *Laber*, 438 F.3d at 427; *see also Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e)

or 60(b).")). According to the Fourth Circuit, to determine whether vacatur is warranted, the court need not concern itself with the court-constructed legal standards under Rule 59(e); instead, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." [3] *Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir.2011); *see also Laber*, 438 F.3d at 428 ("A conclusion that the district court abused its discretion in denying a motion to amend . . . is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion."). Accordingly, I will examine the plaintiff's Unopposed Motion under the legal standard for Rule 15(a).

Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber*, 438 F.3d at 426. The Fourth Circuit has interpreted Rule 15(a) to provide that "leave

---

relief under Rule 59(e) or Rule 60(b)(6)." (citation omitted)); *Palmer v. Champion Mortg.*, 465 F.3d 24, 29–30 (1st Cir.2006) ("[T]he plaintiff requested further leave to amend only *after* the district court dismissed her first amended complaint. If made subsequent to the entry of judgment, such requests, whatever their merit, cannot be allowed unless and until the judgment is vacated under, say, Fed. R. Civ. P. 60."); *Ahmed v. Dragovich*, 297 F.3d 201, 207–08 (3d Cir.2002) ("Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' . . . the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments." (citation omitted)); *Bldg. Indus. Ass'n of Superior Cal. v. Norton*, 247 F.3d 1241, 1245 (D.C.Cir.2001) ("Ordinarily postjudgment amendment of a complaint under Rule 15(a) requires reopening of the judgment pursuant to Rule 59(e) or 60(b). This prevents litigants from resurrecting claims on which they have lost." (citation omitted)); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir.1996) ("Today, we find it consistent with . . . our policy of promoting the finality of judgments to adopt the requirement that, once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."); *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir.1991) (observing that

using the Rule 15(a) legal standard in place of the Rule 59(e) legal standard "would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." (citation omitted)); *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985) (holding that the district court did not abuse its discretion in refusing to grant plaintiff leave to amend his complaint after final judgment because he failed to first satisfy the legal standards under Rule 59(e) or Rule 60(b)).

2. I have found no other circuit court that agrees with the Fourth Circuit's determination that a Rule 15(a) motion to amend a complaint should be freely given *after* a judgment is entered following a trial on the merits.

3. The Fifth Circuit has reached the same conclusion as the Fourth Circuit. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir.1981) ("Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).").

to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)).

Upon review of the plaintiff's supporting memorandum, the court **FINDS** that no prejudice, bad faith, or futility exists. The plaintiff's Unopposed Motion to Alter or Amend Judgment and for Leave to File First Amended Complaint [ECF No. 56] is **GRANTED**. For the sole reason that the Fourth Circuit mandates the application of the Rule 15(a) legal standard to the plaintiff's Rule 59(e) motion, the court **ORDERS** that the Memorandum Opinion & Order [ECF No. 52] and the Judgment Order [ECF No. 53] entered on August 18, 2016, are **VACATED**. The court further **ORDERS the plaintiff to file its Amended Complaint on or before September 22, 2016.**

The court **DIRECTS** the Clerk to place this action on the active docket and to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.