**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TOMMY MAY,

    Plaintiff - Appellant,

v.

(FNU) BUNTING; MELODY STRODA;
DR. JODY PALMER,

    Defendants - Appellees.

No. 23-3129
(D.C. No. 5:22-CV-03198-JWL)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

Tommy May, a Kansas prisoner appearing pro se[1] appeals the district court's

dismissal of his 42 U.S.C. § 1983 action against various prison officials. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. May proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. May suffered from cancer.  He alleged in his complaint that, prior to his incarceration at Douglas County Detention Center (DCDC), he had a prescription for oxycodone pain medication to manage his chronic pain.  But officials at DCDC refused to provide oxycodone to him.  He brought a § 1983 action consisting of two claims: (1) denial of access to the courts related to COVID-19 policies that restricted his access to the prison law library; and (2) denial of appropriate medical care rising to the level of deliberate indifference in violation of the Eighth Amendment.

Because Mr. May proceeded in forma pauperis (IFP), the district court screened his complaint under 28 U.S.C. § 1915(e)(2).  The court dismissed the access-to-courts claim[2] but ordered the prison to prepare a report under *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), to better evaluate the Eighth Amendment claim.  Mr. May moved for the court to appoint counsel for him, but the court denied the motion.  The court also denied multiple motions to reconsider its earlier denial of the motion to appoint counsel.  Upon receipt of the *Martinez* report, the court dismissed the Eighth Amendment claim.  This timely appeal followed.

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  In so doing, "[w]e apply the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to

---

[2] Mr. May does not challenge the dismissal of his access-to-courts claim, so we do not consider it.  *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 737 (10th Cir. 2015) (deeming as waived arguments not addressed in opening brief).

dismiss." *Id.* "Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts apply a deliberate indifference standard to determine whether prison staff violated a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. This standard includes an objective component, which "is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks omitted). Claims that "amount[] to merely a disagreement with [prison staff's] medical judgment concerning the most appropriate treatment," do not meet this standard. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

Mr. May argues his allegations that DCDC refused to fill his prescription for oxycodone, an opioid, meet this test. But the district court concluded his allegations, at most, amounted to a disagreement with prison medical staff on the most appropriate treatment in his specific circumstance, and on de novo review of the record, we agree. To this end, we also reject Mr. May's argument that the district court erroneously assumed DCDC had a policy prohibiting the prescription of opioids

3

to all prisoners.  Regardless of whether DCDC had such a policy, the record reflects it reasonably decided against dispensing opioids to Mr. May specifically, and disagreement with that decision does not create an Eighth Amendment claim.  *See Gee*, 627 F.3d at 1192.

Mr. May also argues the district court should have granted him leave to amend his complaint before dismissing it, but he did not request such leave below, nor does he identify to this court what factual allegations he would have added to cure the deficiencies the district court identified.  Under these circumstances, we discern no error in the failure to sua sponte grant leave to amend.  *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).

Finally, we reject Mr. May's argument that the district court erred in denying his motion for appointment of counsel.  "We review the denial of appointment of counsel in a civil case for an abuse of discretion."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.  This contemplates an examination of the state of the record at the time the request is made."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (internal citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Id.* at 839.  Mr. May argues, as he did before the district court, that counsel would have assisted in him in reviewing the record and presenting his case, but this does not establish fundamental unfairness.  "It is not enough that having counsel appointed would have

4

assisted the prisoner in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (internal quotation marks and brackets omitted).

We affirm the judgment of the district court.  We grant Mr. May's motion to proceed IFP on appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge